UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | |
| : | Case No. 21-cr-00085(CRC) |
| **DR. SIMONE GOLD,** : | |
| : | |
| Defendant. : | |

**DEFENDANT'S RESPONSE TO GOVERNMENT SENTENCE MEMO**

There are two differences of opinion here with regard to some of the facts, and a few facts need clarification. The defense does so here.

The government, in their sentencing memorandum, paints a picture of Dr. Gold as if she is antagonizing the officers that asked her to stop her speech and move along. This is not so. The "multiple law enforcement requests for her to leave," *See* ECF 68, p. 3 were simply that-requests and when one officer asked her to leave and she tried to ask him if she could finish her speech, another officer approached and pushed her along as he had other protesters in the building that day. There were not six officers that asked her to go, nor did it take six officers to get her moving. The government also makes much of Dr. Gold not helping the officer that was pulled down next to her, but it's clear from the photos in the government's memo and the video exhibit that Dr. Gold was packed among others at the door. Critically, the video shows that she also was pulled down at the same

1

time the officer was pulled down by a man behind him. It would by physically impossible for Dr. Gold to help him. Again, more assumptions by the government but the video shows the impossibility of her rendering any aid to anyone.

Dr. Gold never did any chanting such as "stop the steal" or any other such chant that day. Again, the government overreaches and embellishes the facts by saying "each person who entered the Capitol on January 6 without authorization did so under the most extreme or circumstances." *See* Gov't sentence memo, pps. 15-16. Undersigned counsel has many cases with defendants that simply walked into the Capitol under normal circumstances, through a door, with officers present. Dr. Gold did not cross any barriers or barricades. She also did not see "extensive fighting with law enforcement officers" as the government again assumes facts not in evidence. *Id.*

The government is also wrong about Dr. Gold's payment of legal fees. Dr. Gold paid undersigned counsel out of her personal funds-absolutely nothing from the non-profit. The government also puts great emphasis on the fact that Dr. Gold and her co-defendant stood around the area close to the House chamber. But Dr. Gold had no idea where she was at that time.

The government further argues that this Court should assess such conduct on a spectrum of aggravating and mitigating circumstances, to include: (1) whether, when, and how the defendant entered the Capitol building-she entered through a

door with a large crowd, on the East side with no scaffolding and violence like the Senate wing door side; (2) whether the defendant encouraged violence-she did not; (3) whether the defendant encouraged property destruction-absolutely not; (4) the defendant's reaction to acts of violence or destruction-she is appalled; (5) whether during or after the riot, the defendant destroyed evidence-absolutely not-she gave the FBI evidence when she was arrested;  (6) the length of the defendant's time inside of the building, and exactly where the defendant traveled-Dr. Gold does not dispute that she was in the building for approximately one hour and was in several areas;  (7) the defendant's statements in person or on social media-no social media postings, and her Washington Post interview where she stated her deep regret at going into the Capitol; (8) whether the defendant cooperated with, or ignored commands from law enforcement officials-she completely cooperated during her arrest; she asked officers  for a period of approximately three seconds if she could finish her speech, but peacefully left when another officer put his hands on her shoulder and ushered her along; and (9) whether the defendant demonstrated sincere remorse or contrition-she has done so since January 11, 2021 and continues to do so still. *See* defense exhibit video testimony.

    At this juncture, the government has committed the logical fallacy of note that hinders their "argument." This fallacy being a *fallacy of composition*: assuming that a part (Dr. Gold) of the whole (the protesters) has all the properties

of the whole itself. That is, the government's mistake is thinking that, because Dr. Gold is a part of a larger crowd (in which other members of the crowd were indeed violent) she also shares in the same properties as everyone else in the crowd (being violent), but she does not.[1]

What is most important is what Dr. Gold said 5 days after January 6-that she regretted even going into the Capitol that day-another fact the government omits from their sentence memo. She never lied to the Washington Post reporter about what she saw. As this Court has surely seen from other cases and public footage, there were many peaceful protesters outside the Capitol that day-ladies pushing baby carriages and people peacefully protesting-but that doesn't fit the government narrative, so they just accuse her of lying about what she actually saw and experienced that day. This should not be tolerated by this Court. The facts before

---

[1] The probation officer states in his recommendation that Dr. Gold "entered willfully and knowingly for the purpose of disrupting the certification of the 2020 Presidential Election results." This is untrue, not in the statement of offense and the defense objects to this characterization, although the plea agreement does say that the dismissed counts are based in fact, because this is the standard form for all of these plea agreements.  Dr. Gold was offered a plea to a misdemeanor count because the government could not prove the felony count.  The probation officer also notes that Dr. Gold's co-defendant is her "38 year old boyfriend" in the probation officer's PSR and in his recommendation. How is John Strand's age at all relevant? This is a personal attack on Dr. Gold's private life and really uncalled for here. The probation officer also states in his recommendation that "Gold utilized a bullhorn while in Statuary Hall, conduct which enhanced the chaos and fueled the riot." Again, not true. There is not one iota of evidence that her conduct fueled the riot.  She did use a bullhorn, but the people listening to her speech were calm.  Unlike the majority of protesters and rioters, she was there to promote her message against government imposed mandates.

the Court show a person who made a serious mistake, who regrets her mistake, and will spend a lifetime of trying to make up for it. Surely that's punishment enough.

Respectfully submitted,

_____/s/
Dickson Young, Esq.
Whitestone Young PC
10513 Judicial Drive, Suite 300
Fairfax, Va. 22030
Va. Bar No. 956979
Phone: (703) 591-0200
Direct: (703) 214-5207
Fax: (703) 591-7238


By:      /s/
KIRA ANNE WEST
DC Bar No. 993523
712 H. St NE, Unit #509
Washington, D.C. 20005
Phone: 202-236-2042
kiraannewest@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify on the 14th day of June, 2022 a copy of same was delivered to the parties of record, by ECF and email pursuant to the Covid standing order and the rules of the Clerk of Court.

/S/
Kira Anne West