```
                    IN THE UNITED STATES DISTRICT COURT
                        FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - x
THE UNITED STATES OF AMERICA,
                                        Criminal Action No.
              Plaintiff,                1:21-cr-00085-CRC-2
                                        Thursday, March 3, 2022
vs.                                     11:05 a.m.

SIMONE MELISSA GOLD,

              Defendant.
- - - - - - - - - - - - - - - - x
```
_____

              TRANSCRIPT OF PLEA AGREEMENT HEARING
       HELD BEFORE THE HONORABLE CHRISTOPHER R. COOPER
                UNITED STATES DISTRICT JUDGE
_____

APPEARANCES:

For the United States:   **APRIL HOLLY AYERS-PEREZ, ESQ.**
                         **U.S. ATTORNEY'S OFFICE**
                         11204 McPherson Road
                         Laredo, TX 78045
                         (956) 723-6523

For the Defendant:       **DICKSON J. YOUNG, ESQ.**
                         **WHITESTONE YOUNG, PC**
                         10513 Judicial Drive, Suite 300
                         Fairfax, VA 22030
                         (757) 591-0200

                         **KIRA ANNE WEST, ESQ.**
                         **LAW OFFICE OF KIRA WEST**
                         712 H Street, NE, Unit 509
                         Washington, DC 20002
                         (202) 236-2042

Court Reporter:                  Lisa A. Moreira, RDR, CRR
                                 Official Court Reporter
                                 U.S. Courthouse, Room 6718
                                 333 Constitution Avenue, NW
                                 Washington, DC  20001
                                 (202) 354-3187

```
 1                       P R O C E E D I N G S
 2              THE COURTROOM DEPUTY:  We are on the record for
 3    Criminal Case 21-85 -- this is Defendant 2 -- in United
 4    States of America vs. Simone Melissa Gold.
 5              Counsel, please identify yourselves for the
 6    record.
 7              MS. AYERS-PEREZ:  Good morning, Your Honor; April
 8    Ayers-Perez for the government.
 9              MR. YOUNG:  Good morning, Judge; Dickson Young on
10    behalf of the defendant Simone Gold.
11              MS. WEST:  Good morning, Your Honor; Kira Anne
12    West on behalf of Dr. Simone Gold.
13              THE COURT:  Okay.  Good morning, everyone.
14              Ms. Gold, I can see you.  Can you see and hear me
15    okay?
16              THE DEFENDANT:  Yes.  Thank you, Your Honor.
17              THE COURT:  All right.  As I've said at earlier
18    proceedings, we would normally do this in the courtroom here
19    in Washington, but because of COVID we have been conducting
20    plea hearings remotely, but we can only do so with the
21    defendant's consent.  Have you had an opportunity to discuss
22    that with Mr. Young and Ms. West; and if so, do you consent
23    to proceed by video this morning?
24              THE DEFENDANT:  Yes, thank you.
25              THE COURT:  Okay.  Very well.
```

1                All right.  Ms. Gold, these proceedings usually
2      take about 15 or 20 minutes.
3                I'm going to ask you a few preliminary questions.
4      I'm going to ask Ms. Ayers-Perez to put the elements of the
5      offense of conviction and the factual basis for your plea on
6      the record.  I'm going to ask Ms. West to summarize the key
7      terms of the plea agreement to make sure that you understand
8      them.  I will then discuss a little bit about how sentencing
9      in this case will work.  And if I'm satisfied with your
10     answers, I'll ask you at the end how you plea or what your
11     plea is.  Okay?
12               THE DEFENDANT:  Thank you.
13               THE COURT:  Before we do any of that, we need to
14     put you under oath, so if you could please raise your right
15     hand and be sworn by the courtroom deputy.
16               (Defendant sworn)
17               THE COURT:  All right.  Ms. Gold, could you please
18     state your full name for the record.
19               THE DEFENDANT:  Simone Gold.
20               THE COURT:  And, Ms. Gold, have you taken any
21     alcohol or drugs in the last 48 hours that would impair your
22     ability to understand what's going on this morning?
23               THE DEFENDANT:  No, but if, Your Honor -- I
24     don't mean to -- I never go by "Ms. Gold."  I always go by
25     "Dr. Gold," so...  If that's okay with you?

```
1                       But no alcohol, no drugs.
2                       THE COURT:  All right, Dr. Gold.
3                       THE DEFENDANT:  Thank you.
4                       THE COURT:  How about -- same questions for
5     medications, either prescription medications or over-the-
6     counter medications?
7                       THE DEFENDANT:  No.
8                       THE COURT:  And I don't want you to disclose any
9     routine mental health treatment, but have you undergone any
10    treatment for any mental illnesses or emotional disturbances
11    that would impair your ability to concentrate or to
12    understand this morning's proceedings?
13                      THE DEFENDANT:  No.
14                      THE COURT:  Counsel, any competency concerns?
15                      MS. WEST:  Absolutely none, Your Honor.
16                      MR. YOUNG:  No, Your Honor.
17                      THE COURT:  Ms. Ayers-Perez?
18                      MS. AYERS-PEREZ:  No, Your Honor.
19                      THE COURT:  All right.  Ms. Gold, have you been
20    able to discuss your decision to plead guilty with Ms. West
21    and Mr. Young?
22                      THE DEFENDANT:  Yes.
23                      THE COURT:  And have you reviewed all of the
24    paperwork with them?
25                      THE DEFENDANT:  Yes.
```

1          THE COURT:  And have you been satisfied with their
2     services in the case?
3          THE DEFENDANT:  Yes.
4          THE COURT:  All right.  Based on the answers that
5     Dr. Gold has provided, I find that she is fully competent
6     and capable of entering an informed plea this morning.
7          As I'm sure your counsel have explained to you, by
8     pleading guilty there would be certain rights that you will
9     be giving up.  First and foremost, you would have a right
10    to a trial before a jury.  Had you proceeded before a jury,
11    Mr. Young or Ms. West would have been able to represent you.
12    They would have examined the government's witnesses.  They
13    would have been able to call witnesses on your behalf.  You
14    would have been able to testify on your own behalf.  And if
15    you were to have been convicted, you would have been able to
16    appeal that conviction.
17         But by pleading guilty you're giving up all of
18    those trial and appellate rights.  Do you understand that?
19         THE DEFENDANT:  Yes, Your Honor.
20         THE COURT:  And you're willing to proceed?
21         THE DEFENDANT:  Yes.
22         THE COURT:  All right. This is a Class A
23    misdemeanor; is that correct, Ms. Ayers-Perez?
24         MS. AYERS-PEREZ:  It is, Your Honor.
25         THE COURT:  So criminal defendants or those

1   convicted of crimes oftentimes give up civil rights.  Those
2   rights are less extensive in the case of misdemeanors, but
3   depending on what state you live in there is a chance that
4   you would be giving up certain civil rights by pleading
5   guilty even to a Class A misdemeanor.  Those include the
6   right to vote, the right to hold public office, the right to
7   serve on a jury.
8          Do you understand that you may be giving up some
9   civil rights along those lines by entering a plea of guilty
10  today?
11         THE DEFENDANT:  Yes, Your Honor.
12         THE COURT:  All right.  Ms. Ayers-Perez, would you
13  like to put the elements of the offense on the record and
14  briefly summarize the offense conduct that Dr. Gold has
15  acknowledged in this case.
16         MS. AYERS-PEREZ:  Yes, Your Honor.
17         The element for the 1752(a)(1) charge is that the
18  defendant knowingly entered or remained in any restricted
19  building or grounds without the lawful authority to do so.
20         And a brief summary of the conduct of the
21  defendant is that on January 5th she traveled to Washington,
22  D.C., from Florida.  On January 6th she entered a restricted
23  area under the U.S. Capitol.  She stood with the crowd
24  outside the East Rotunda door which she eventually entered
25  shortly after, about 2:22 p.m., along with her co-defendant

1    John Strand.  She remained inside the Capitol for about a
2    little over half an hour.
3            Around 2:55 p.m. she gave a speech at Statuary
4    Hall stating her opposition to COVID-19 mandates and
5    government-imposed lockdowns.  Her co-defendant recorded
6    Gold's speech on his phone while she gave her speech, and
7    multiple law enforcement officers had to intervene before
8    she stopped giving her speech and left Statuary Hall.
9            On January 12th she gave an interview to the
10   *Washington Post* where she confessed to being inside the
11   Capitol on January 6th and stated that she regretted going
12   inside.
13           THE COURT:  All right.  Ms. Gold, you just heard
14   Ms. Ayers-Perez describe the element of the offense of
15   entering and remaining in a restricted building.  Do you
16   understand what the government would have to prove had this
17   case gone to trial?
18           THE DEFENDANT:  Yes, Your Honor.
19           THE COURT:  And she just summarized the conduct
20   that you have acknowledged.  Did she get anything wrong?
21           THE DEFENDANT:  No, Your Honor.
22           THE COURT:  All right.  And I believe that she was
23   reading from a five-page document called "Statement of
24   Offense" which I've been provided.  Did you review that
25   document?

1          THE DEFENDANT:  Yes.

2          THE COURT:  And on Page 5 it appears to bear your

3   signature on the last page.  Did you sign that document?

4          THE DEFENDANT:  Yes, I did.

5          THE COURT:  All right.  Ms. West or Mr. Young,

6   would you like to summarize the key terms of the plea

7   agreement?

8          MS. WEST:  Yes, Your Honor.  I'd be happy to.

9          This plea agreement, Your Honor, is an agreement

10  between the government and Dr. Gold.  She agrees to plead

11  guilty to Count 2 of the indictment in this case, which

12  charges her with entering and remaining in a restricted

13  building or ground in violation of 18 United States Code

14  Section 1752(a)(1).  She understands the penalties with

15  regard to this crime, and she understands that she has an

16  obligation to pay the government in restitution $500.

17         And I should note for the Court that she's happy

18  to pay that and prepared to pay that today.

19         She also understands that she has to pay a $25

20  special assessment on a Class A misdemeanor and also can pay

21  that today.

22         She is also agreeing to cooperate with the

23  additional investigation with regard to her behavior,

24  statements, and postings in and around January the 6th of

25  2021, and to conduct an interview, if needed, prior to

1    sentencing.
2              She understands that she will not be charged with
3    any additional charges.
4              The sentencing guidelines are in the plea
5    agreement, Your Honor, at Paragraph 5.  We've gone over
6    those many times with Dr. Gold.  The base offense level is
7    4, and an additional two points for trespass gives a base
8    offense level adjusted at 6, and that is a zero to six
9    months range.
10             Her estimated criminal history category is 1
11   because she has no criminal history.
12             With regard to sentencing, both parties agree that
13   a sentence within the guidelines would be reasonable, but we
14   retain our right to ask for a variance, and also we
15   understand that the Court is not bound by this agreement or
16   the sentencing guidelines.
17             She has waived venue.  She has waived statute of
18   limitations.  She understands the trial rights that she's
19   waiving that the Court just enumerated.  She's given up her
20   right to appeal with, of course, the exception of collateral
21   attack if there is some new evidence found and also under
22   any 2255 that would be brought later on.
23             She agrees to hold this by videoconference as
24   we've already said.  She will make that restitution payment
25   today.

1                   She understands that this is the complete
2     agreement.  There are no side agreements.
3                   And that is the bulk of the plea agreement, Your
4     Honor.
5                   THE COURT:  Okay.  Ms. Gold, I take it that you've
6     reviewed the plea agreement and you've signed the last page;
7     is that correct?
8                   THE DEFENDANT:  Yes, Your Honor.
9                   THE COURT:  Okay.  Is there anything you'd like to
10    ask your counsel about or ask me about regarding that plea
11    agreement?
12                  THE DEFENDANT:  No.  Thank you, Your Honor.
13                  THE COURT:  Okay.  So Ms. West mentioned it
14    briefly, but sentencing in this case will work as follows.
15    The probation office will prepare a very detailed
16    presentence investigation report.  They will seek to
17    interview you.  They may seek to interview members of your
18    family.
19                  That report will include a comprehensive review of
20    your personal history, your educational history, your
21    employment history, your medical history, any criminal
22    history that you may or may not have, and that report will
23    be the main thing that I will use to fashion an appropriate
24    sentence in this case.
25                  The government will submit a sentencing

1    memorandum.  They may recommend jail time.  They may not.  I
2    don't know.
3             Your counsel will have an opportunity to present a
4    sentencing memorandum on your behalf.
5             I will take all of that information into account
6    in fashioning an appropriate sentence in this case.
7             As Ms. West said, your estimated sentencing
8    guidelines range is zero to six months.  If that turns out
9    to be the range calculated by probation, I would almost
10   certainly sentence you to somewhere within that range, but
11   if I were to sentence you somewhere in that range that you
12   did not anticipate or agree with, that would not be a reason
13   to withdraw from your plea agreement.
14            Do you understand that?
15            THE DEFENDANT:  Yes, Your Honor.
16            THE COURT:  Okay.  A few more questions.
17            Anyone forcing you to plead guilty this morning?
18            THE DEFENDANT:  No, sir.
19            THE COURT:  Anyone made any promises to you other
20   than what is contained in that plea agreement we just
21   reviewed?
22            THE DEFENDANT:  No.
23            THE COURT:  Are you pleading guilty voluntarily
24   and of your own free will?
25            THE DEFENDANT:  I am pleading guilty voluntarily,

1  yes.
2         THE COURT:  And why did you leave off --
3         THE DEFENDANT:  Oh, no intention, and of my own
4  free will.
5         THE COURT:  We just have to be careful in these
6  things --
7         THE DEFENDANT:  Yes, yes.
8         THE COURT:  -- as I'm sure you understand.
9         Again, anything you want to ask me about or your
10 lawyers about?
11        THE DEFENDANT:  No, sir.  Thank you.
12        THE COURT:  All right.  So what is your plea?
13        THE DEFENDANT:  I plead guilty.
14        THE COURT:  All right.  I'm satisfied that
15 Dr. Gold is fully competent and capable of making a decision
16 today, that she understands the nature of the charges and
17 the consequences of her plea, that the plea of guilty is
18 knowing and voluntary, that she is acting of her own free
19 will in pleading guilty, and that there's an adequate
20 factual basis contained in each of the essential elements of
21 the offense for her plea.  Therefore, the guilty plea is
22 entered, and the defendant is now adjudged guilty of the
23 offense set forth in Count 2 of the indictment.
24        Ms. Gold, it usually takes probation at least
25 four -- actually, more like ten weeks to prepare these

1   reports so we should set sentencing in about 90 days.
2   　　　　Ms. Jenkins, June 16th, does that work for us?
3   　　　　THE COURTROOM DEPUTY:  Yes, Your Honor.
4   　　　　THE COURT:  Counsel, June 16th at 10:00 a.m.?
5   　　　　MS. AYERS-PEREZ:  That works for me, Your Honor.
6   　　　　MR. YOUNG:  That's fine, Your Honor.
7   　　　　THE COURT:  And the courthouse has begun to get
8   back to normal.  We are conducting jury trials.  We have
9   extended our public area mask mandate for another 30 days,
10  but depending on the numbers, which seem to be trending in
11  the right direction, that may well be lifted by the time of
12  sentencing.  I hope that it will be, and so we should
13  presume that sentencing will occur in person here in
14  Washington on June 16th.  All right?
15  　　　　Anything else, Counsel?
16  　　　　MS. AYERS-PEREZ:  Nothing from the government,
17  Your Honor.
18  　　　　MS. WEST:  No, Your Honor.
19  　　　　MR. YOUNG:  No, sir.
20  　　　　THE COURT:  Dr. Gold, have a good day, and we will
21  see you back here in June.
22  　　　　THE DEFENDANT:  Thank you.
23  　　　　MS. WEST:  Thank you, Your Honor.
24  　　　　MR. YOUNG:  Thank you, Judge.
25  　　　　MS. WEST:  Good to see you.

1      MS. AYERS-PEREZ:  Thank you.

2           (Whereupon the hearing was

3           concluded at 11:20 a.m.)

**CERTIFICATE OF OFFICIAL COURT REPORTER**

I, LISA A. MOREIRA, RDR, CRR, do hereby certify that the above and foregoing constitutes a true and accurate transcript of my stenographic notes and is a full, true and complete transcript of the proceedings to the best of my ability.

**NOTE:**  This hearing was held remotely by Zoom or some other virtual platform and is subject to the technological limitations of court reporting remotely.

Dated this 15th day of September, 2022.

/s/Lisa A. Moreira, RDR, CRR
Official Court Reporter
United States Courthouse
Room 6718
333 Constitution Avenue, NW
Washington, DC 20001